UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM C LADOUCER, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-10-78 |
| | § | |
| BAC HOME LOANS SERVICING, LP, *et al*, | § § | |
| Defendants. | § § | |

## **ORDER**

On this day came on to be considered the Court's sua sponte review of its subject matter jurisdiction in the above-styled action. For the reasons discussed below, the Court REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District of Jim Wells, Texas, where it was originally filed and assigned Cause No. 10-02-48732-CV.

**I.     Factual and Procedural Background**

In their Original Petition, Plaintiffs William C. Ladoucer and Julie A. Ladoucer allege as follows:

Plaintiffs were the owners of a home located at 271 House Avenue in Sandia, Jim Wells County, Texas and that the Defendants BAC Home Loan Servicing, LP ("BAC") and Countrywide Home Loans, Inc. ("Countrywide") were the respective servicer and holder of the mortgage on that property. (D.E. 1, Exh. 1 p. 2.) On December 29, 2008, Plaintiffs signed a resale contract to sell their property with a closing date set for February 27, 2009. (Id. at pp. 2-3.) Plaintiffs faxed the contract of sale to Defendant Countrywide. (Id. at p. 2.) Plaintiff Julie A. LaDoucer spoke to a representative at Countrywide's Homeowner Retention Department to confirm receipt of the contract and was led to believe "that a foreclosure sale that the defendants

had scheduled for January of 2009 was cancelled." (Id. at pp. 2-3.) However, instead of cancelling the foreclosure, "Defendants foreclosed on the property on January 6, 2009." (Id.) After the foreclosure, Plaintiffs claim that the potential buyers backed out of the sale and Plaintiffs "thereby lost almost $27,680.00 in equity which they would have realized from the sale of the property." (Id. at p. 3.)

In February 2009, Plaintiffs allege that Defendants took possession of the property and changed the locks. (Id. at p. 3.) In March 2009, Plaintiffs allege that personal property had been taken from the home including a $4,500 shed that had been purchased by the Plaintiffs. (Id. at pp. 3-4.) Plaintiffs' credit rating was also adversely affected by the foreclosure notation on their credit. (Id. at p. 4.)

Plaintiffs filed this action in state court on February 1, 2010. (D.E. 1, Exh. 1.) Defendants were served with process of February 16, 2010 and timely removed this case to federal court on March 12, 2010 on the grounds that this Court has diversity jurisdiction over this action. (D.E. 1.) Plaintiffs filed an Amended Complaint on April 23, 2010.[1] (D.E. 11.)

## II. Discussion

### A. General Removal Principles

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). A court, however, "must presume that a suit lies outside its limited jurisdiction." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The removing party, as the party seeking the federal forum, bears the

---

[1] Plaintiffs filed an Amended Complaint on April 23, 2010, however, for purpose of removal, this Court looks only to the pleadings and allegations at the time of removal. See Adair v. Lease Partners, Inc., 587 F.3d 238, 243 (5th Cir. 2009) ("[T]he power to remove is evaluated at the time of removal."); Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 265 (5th Cir. 1995) (finding removal jurisdiction is based on complaint at the time of removal and a plaintiff cannot defeat removal by amending the complaint).

burden of showing that federal jurisdiction is proper. See Manguno, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id. When subject matter jurisdiction is improper, a court may raise the issue sua sponte. See Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) ("We are duty-bound to examine the basis of subject matter jurisdiction sua sponte." (citations omitted)); H&D Tire and Auto. Hardware v. Pitney Bowes Inc., 227 F.3d 326, 328 (5th Cir. 2000) ("We have a duty to raise the issue of subject matter jurisdiction sua sponte.").

### B.  Removal Based on Diversity Jurisdiction

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a).

#### 1.  Diversity of Parties

Section 1332(a) requires "complete diversity" of citizenship, and the district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants. See Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003). In removal cases, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. See Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

In this case, complete diversity exists because Plaintiffs are residents of Texas and Defendant BAC is a resident of North Carolina while Defendant Countrywide is a New York corporation with its principal place of business in California. (D.E. 1.)

#### 2.  Amount in Controversy

Generally, the amount in controversy for the purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. See St. Paul Mercury Indem. Co. v. Red Cab

Co., 303 U.S. 283, 288 (1938); De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where the plaintiff has not made a specific monetary demand, the defendant has the burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See Manguno, 276 F.3d at 723 ("where . . . the petition does not include a specific monetary demand, [the defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000"); St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

### 1. This Court Lacks Diversity Jurisdiction Over This Case

Plaintiffs do not demand over $75,000, the minimum amount of damages necessary for federal diversity jurisdiction. (D.E. 1, Exh. 1.) Rather, Plaintiffs' Original Petition states that the foreclosure of the home itself caused only $27,680 of damages in lost equity. (Id. at 3.) Further, Plaintiffs claim that the total damages for the wrongful foreclosure, fraud, and breach of contract claims, including the above-stated $27,680 damages in lost equity, are "at least $35,000." (D.E. 1, Exh. 1, pp. 4-5.) Plaintiffs also claim "at least $20,000" for the exemplary damages claim, and "at least $5000" for reasonable attorneys' fees. (D.E. 1, Exh. 1, pp. 4-5.) In total, Plaintiffs claim only $70,000 in damages. This is less than the $75,000 required for diversity jurisdiction. 28 U.S.C. § 1332.

Defendants, in a conclusory manner, nonetheless assert that "[t]he face of the petition . . . reveals that the amount in controversy exceeds $75,000." (D.E. 1, p. 3.) Defendants state that under Texas law, exemplary damages "could alone result in the recovery of more than $75,000." (Id. (emphasis added).) However, Defendants ignore that Plaintiffs' Petition specifies only $20,000 in exemplary damages, drastically less than Defendants' assertions. (D.E. 1, Exh. 1, p.

4.) Based on Defendants' claims alone, this Court cannot assume that exemplary damages will be so high that they would give this Court jurisdiction. This is especially true given that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

Defendants have thus failed to establish that this action involves an amount in controversy of more than $75,000, exclusive of costs and interests, as required for this Court to have diversity jurisdiction over this suit pursuant to 28 U.S.C. § 1332. Therefore, Defendants have failed to meet their burden of showing that federal jurisdiction exists and that removal was proper. Frank v. Bear Stearns & Co., 128 F.3d 919, 921 (5th Cir. 1997) ("The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction over the state court suit."). Accordingly, this Court must remand this action pursuant to 28 U.S.C. § 1447(c). ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). See Lott v. Dutchmen Mfg., Inc., 422 F.Supp.2d 750, 752 (E.D. Tex. 2006) (citing Manguno, 276 F.3d at 723).

**III.   Conclusion**

For the reasons stated above, this Court determines sua sponte that it does not have subject matter jurisdiction over the above-styled action. This case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District of Jim Wells, Texas, where it was originally filed and assigned Cause No. 10-02-48732-CV.

SIGNED and ORDERED this 23rd day of April, 2010.

_____
Janis Graham Jack
United States District Judge